IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD L. PORTER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-03402-K (BT) |
| | § | |
| LIVIA LIU FRANCES, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Edward L. Porter, a Texas prisoner, filed a *pro se* civil rights action
under 42 U.S.C. § 1983. The Court granted Porter leave to proceed *in forma
pauperis* but withheld issuance of process pending judicial screening. Ord. (ECF
No. 5). For the reasons stated, the Court should dismiss Porter's complaint under
28 U.S.C. §§ 1915A and 1915(e)(2)(B) and open a new case for his habeas claims.

**Background**

On November 13, 2020, the Court received Porter's complaint against Judge
Livia Liu Frances, Judge Lela Lawrence Mays, Magistrate Janet Lusk, Magistrate
Hal Turley, and Assistant District Attorney Dondria Bowman. Compl. 3. In his
complaint, Porter alleges that each defendant participated in a fraud on the Court
by Dallas Police officers. *Id.* 4. He claims that this "constructive fraud" included
the concealment of relevant and material evidence and the denial of his due
process, equal protection, and other Constitutional rights. *Id.* He further claims
that he was denied the chance of "fair disclosure" and a fair trial. *Id.* Porter alleges

that the record shows a clear intent to defraud him, the court, and the jury of the information needed to make a fair assessment of the facts and evidence. *Id.* According to Porter, defendants were clearly and deliberately aware, yet they abused their offices and authority to ensure he was wrongfully convicted, imprisoned, and denied treatment for a serious illness. *Id.*

Porter claims there was only a partial verdict in his case. *Id.* 6. He also claims that there was perjured testimony, malicious prosecution, false statements from the prosecutor, and tampering with evidence. *Id.* He alleges that his due process and equal protection rights were violated, and the jury's verdict was impermissibly distorted. *Id.* Porter claims that he has been threatened with retaliation by court officials and subjected to other official oppression for pursuing his rights if he returns to Dallas County. *Id.* Based on this conduct, Porter asks that this Court do everything in its power to right these wrongs. *Id.* 4. He seeks to be "free," a court of competent jurisdiction, to be made whole, injunctive relief from his wrongful conviction and imprisonment, punitive damages, any other applicable damages, and an immediate trial by jury. *Id.* 4, 6.

## Legal Standards and Analysis

Porter's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or

> dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## 1. Judicial Immunity

Porter has named as defendants: Judge Livia Liu Frances, a former Judge in the 283rd Judicial District Court in Dallas County, Texas; Judge Lela Lawrence Mays, a current Judge in the 283rd Judicial District Court in Dallas County, Texas; and Magistrates Janet Lusk and Hal Turley, Magistrates in Dallas County felony court. (ECF No. 3 at 3.)

It is well-established that judges and judicial officers are generally protected by absolute immunity for judicial actions they take within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009); *Sparks v. Duval Cty. Ranch Co., Inc.*, 588 F.2d 124, 125 (5th Cir. 1979) (per curiam). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in a judicial role." *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted). In the Fifth Circuit, a four-part test is used to determine whether an act is a "judicial in nature": (1) the alleged act is a normal judicial function; (2) the act occurred in the judge's courtroom or chambers; (3) the controversy involved a case pending before the judge; and (4) the act arose directly out of a visit to the judge in his official capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005); *Ammons*, 705 F.2d at 1447 (citing *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir.1982)). The four factors are to be "broadly construed in favor of immunity." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985).

Porter alleges that Judges Frances and Mays and Magistrates Turley and Lusk were engaged in a fraud on the court with Dallas Police officers. He further alleges that Judges Frances and Mays and Magistrates Turley and Lusk abused their offices and authority to ensure that he was wrongfully convicted, imprisoned, and the denied treatment for a serious illness. Porter's allegations against Judges Frances and Mays and Magistrates Turley and Lusk arise from acts allegedly taking

place within the course and scope of their judicial roles. Judges Frances and Mays and Magistrates Turley and Lusk are therefore entitled to judicial immunity.

### 2. Prosecutorial Immunity

Porter also has named as a defendant Dondria Bowman, an Assistant District Attorney at the Dallas County District Attorney's office, in Dallas County, Texas. (ECF No. 3 at 3.)

Prosecutors have absolute immunity for actions taken within the scope of their prosecutorial role. *Rodriguez v. Lewis*, 427 F. App'x 352, 353 (5th Cir. 2011) (per curiam) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987)). Prosecutorial immunity extends to preparing, initiating, pursuing a criminal prosecution, and the decision whether to file criminal charges. *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009). It also extends to a prosecutor's office administrative procedures that are directly related to prosecutorial functions, such as the supervision and training of assistant prosecutors, and the management of information technology in criminal cases. *Van de Kamp v. Goldstein*, 555 U.S. 335, 343-44 (2009).

Porter alleges that Bowman participated in a fraud on the court by Dallas Police officers. He claims that she concealed relevant, material evidence and denied him due process, equal protection, and other constitutional rights. He alleges that the jury did not have the necessary information to make a fair assessment of the facts and evidence at his trial. He further alleges that Bowman engaged in malicious prosecution. Porter's allegations against Bowman include

actions she took in her role as the prosecutor in his criminal case. Therefore, Bowman is entitled to prosecutorial immunity.

### 3. Habeas Claims

The Court will next address the parts of Porter's complaint, which suggest that he is seeking relief from a state conviction or sentence pursuant to 28 U.S.C. § 2254, rather than filing a civil rights action under § 1983. (*See* ECF No. 3.) In pertinent part, Porter claims that he did not receive a fair trial, the testimony was perjured, the prosecution was malicious and vindictive, there was only a partial verdict, evidence was tampered with and withheld, he was wrongfully convicted, and he is now wrongfully imprisoned. (*Id.* at 4, 6.) He seeks to be "free" and to have an immediate jury trial. (*Id.* at 4.) Porter concludes: "[t]his court has ample reason on the face of the record to release [him] by acquittal." (*Id.* at 6.)

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under [42 U.S.C.] § 1983." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (internal quotation marks and citations omitted). When a prisoner brings "both habeas and § 1983 claims," the court must "'separate the claims and decide the § 1983 claims.'" *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)).

Here, Porter's habeas claims should be severed from the civil rights action filed under § 1983. The Clerk of Court should be directed to open a new habeas

case pursuant to 28 U.S.C. § 2254 (nature of suit 530), for the now-severed claims and file a copy of this order in that case. The complaint should be docketed in the new case, and the new case should be assigned to the same District Judge and Magistrate Judge as this civil rights case. Finally, all future pleadings related to the severed habeas matter should be filed in the new case.

## Conclusion

The Court recommends that Porter's habeas claims be severed from his civil rights claims filed under § 1983 and his civil rights claims be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

The Court further recommends that the Clerk of Court be directed to open a new habeas case pursuant to 28 U.S.C. § 2254 (nature of suit 530), for the now-severed claims and file a copy of this order in that case. The complaint should be docketed in the new case, and the new case should be assigned to the same District Judge and Magistrate Judge as the instant civil rights case. All future pleadings related to the severed habeas matter should be filed in the new case.

**SO RECOMMENDED**

Signed November 19, 2020.

 

 

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

7

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).